**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-3924
_____

RICHARD MICHREKA NYAMWANGE,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,

Respondent
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A029-043-107)
Immigration Judge:  Honorable Walter A. Durling
_____

Submitted Under Third Circuit LAR 34.1(a)
August 22, 2012

Before:  SMITH, HARDIMAN and ROTH, <u>Circuit Judges</u>

(Opinion filed: September 12, 2012)
_____

O P I N I O N
_____

PER CURIAM

Richard Michreka Nyamwange, a citizen of Kenya, was admitted to the United

States as a lawful permanent resident in 1988.  In 2008, after a jury trial in the

Pennsylvania Court of Common Pleas at Monroe County, he was convicted of sexual assault in violation of 18 Pa. Cons. Stat. § 3124.1 and aggravated indecent assault without consent in violation of 18 Pa. Cons. Stat. § 3125(a)(1). He was sentenced to a term of two and a half to five years in prison for the former offense and five years of probation for the latter. Subsequently, the Government charged Nyamwange as removable as an alien convicted of an aggravated felony as defined in 8 U.S.C. § 1101(a)(43)(A) (relating to rape), and in 8 U.S.C. § 101(a)(43)(F) (a crime of violence, as set forth in 8 U.S.C. § 16, for which the alien received a sentence of at least one year in prison). Ultimately,[1] the Board of Immigration Appeals ("BIA") held that Nyamwange was removable on the basis that his sexual assault offense under 18 Pa. Cons. Stat. § 3124.1 was a categorical aggravated felony under 8 U.S.C. § 101(a)(43)(F).

Nyamwange appeals. Our jurisdiction is circumscribed because Nyamwange is removable for having been convicted of an aggravated felony. See 8 U.S.C. § 1252(a)(2)(C). However, we retain jurisdiction over constitutional claims and questions of law, including the main question at issue in this appeal, namely, whether Nyamwange was convicted of an aggravated felony. See Pierre v. Attorney Gen. of the United States, 528 F.3d 180, 184 (3d Cir. 2008) (en banc) (citing 8 U.S.C. § 1252(a)(2)(C)-(D)).

---

[1] As the parties are aware, the procedural history of this case before this agency was not uneventful. However, we will not recount the history in detail, for it is not relevant to the outcome of this case.

Pertinent to our analysis is Nyamwange's conviction for sexual assault, for which he received a sentence of more than one year in prison. He was convicted under a statute that provides that ". . . a person commits a felony of the second degree when that person engages in sexual intercourse or deviate sexual intercourse with a complainant without the complainant's consent." 18 Pa. Cons. Stat. § 3124.1. We have already analyzed this statute in detail and concluded that a conviction under it constitutes a crime of violence pursuant to 18 U.S.C. § 16(b) and an aggravated felony under 8 U.S.C. § 1101(a)(43)(F). See Aguilar v. Attorney Gen. of the United States, 663 F.3d 692, 700-04 (3d Cir. 2011). We reject Nyamwange's arguments to the contrary (including his arguments about why he believes our decision in Aguilar is incorrect, see Reich v. D.M. Sabia Co., 90 F.3d 854, 858 (3d Cir. 1996) (explaining that a panel of the court is bound by a published decision of a prior panel absent intervening authority or amendments to the relevant statutes or regulations)). Accordingly, we hold that the BIA did not err in ruling that Nyamwange was removable. We will deny the petition for review.[2]

---

[2] We also have considered Nyamwange's arguments about the Government's alleged waiver or abandonment, during the administrative proceedings, of the charge on which Nyamwange was found removable. We conclude that the arguments are without merit. We review the decision of the BIA, which ruled on the charge (which the Government had included in the notice to appear). The BIA has been delegated authority by the Attorney General, see 8 C.F.R. § 1003.1, who is the respondent in this case, and who is charged with the administration and enforcement of the Immigration and Nationality Act, see 8 U.S.C. § 1103(a)(1). Furthermore, we are unaware of any authority that holds that any deficiency in briefing by the Government during the administrative process requires an Immigration Judge, the BIA, or us to deem a charge waived or abandoned.